a. During the period of suspension, respondent shall continue treatment with Dr. Steven L. Briggs or a qualified health professional approved by the Administrator ("doctor") and shall comply with all recommendations of his doctor as to the nature and frequency of treatment;

b. During the period of suspension, respondent shall submit to the Administrator monthly reports from his doctor concerning the status of respondent's gambling problem and the nature and extent of his compliance with treatment recommendations; and

c. Within the first month of the period of suspension, respondent shall provide to his doctor an appropriate release to authorize the doctor, on a monthly basis, to respond to the Administrator's inquiries concerning the status of respondent's gambling problem and the nature and extent of his compliance with treatment recommendations.

Suspension effective April 8, 2005.

Respondent Richard Ritter Hilliard shall reimburse the Disciplinary Fund for any Client Protection payments arising from his conduct prior to the termination of the period of suspension.

*In re* **JENNINGS**, James John (MR 19981)
Chicago, IL

Order of the Court:

The motion by the Administrator of the Attorney Registration and Disciplinary Commission to approve and confirm the report and recommendation of the Review Board is allowed. Respondent James John Jennings is suspended from the practice of law for three months, with the suspension entirely stayed by a six-month period of probation, subject to the following conditions:

1. Respondent shall establish and utilize a system for the handling of funds belonging to clients and third parties and the maintenance of records that conforms to the requirements of Rule 1.15 of the Illinois Rules of Professional Conduct and instructions provided to respondent by the Administrator, including

Trust Account Procedures

Basic accounting records that must be maintained daily and accurately;

Account Check Register—List sequentially all trust account deposits and trust account checks and maintain a current and accurate daily balance on the trust account.

Account Receipts Journal—List chronologically all deposits into the trust account. Each deposit will list the date of the deposit, the source of the deposit, the client matter, the deposit matter, and the amount of the deposit. Maintain a copy of each item deposited.

Account Disbursement Journal—List chronologically all trust account disbursements. Identify each disbursement with the date of the disbursement check, the trust account check number, the payee, the purpose of the disbursement, the client matter, and the amount of the disbursement check.

Client Ledger Journal—List chronologically for each client matter all receipts, disbursements, and remaining balances. Prepare a separate page for each client matter and list chronologically all receipts and disbursements and remaining balances for each client matter.

Account Receipts Journal—List chronologically all deposits into the trust account. Each deposit will list the date of the deposit, the source of the deposit, the client matter, the deposit number, and the amount of the deposit. Maintain a copy of each item deposited.

Account Disbursement Journal—List chronologically all trust account disbursements. Identify each disbursement with the date of the disbursement check, the trust account check number, the payee, the

purpose of the disbursement, the client matter, and the amount of the disbursement check.

Client Ledger Journal—List chronologically for each client matter all receipts, disbursements, and remaining balances. Prepare a separate page for each client matter and list chronologically all receipts and disbursements and remaining balances for each client matter.

Source documents which must be preserved for seven years:

Bank Statements

Deposit Slips

Cancelled checks—All trust account checks must have a named payee (no checks written to "cash") and the memo portion of the check must contain a reference to a client matter.

Reconciliations

There must be a running balance for all ledgers and account books. The balances in the client ledger journal must be reconciled each month with the balances in the trust receipts and disbursement journals, the account checkbook register, and the bank statements. Records of these reconciliations must be maintained for seven years.

2. During the period of probation, respondent shall meet with Counsel for the Administrator on at least a quarterly basis and shall provide the Administrator with any and all documentation and records requested in order to verify his compliance with Condition (1);

3. During the period of probation, respondent shall successfully complete the Professionalism Seminar conducted by the Illinois Professional Responsibility Institute;

4. Respondent shall notify the Administrator within 14 days of any change of address;

5. Respondent shall comply with the Illinois Rules of Professional Conduct and shall timely cooperate with the Administrator in providing information regarding any investigations relating to his conduct;

6. Respondent shall reimburse the Commission for the costs of this proceeding as defined in Supreme Court Rule 773 and shall reimburse the Commission for any further costs incurred during the period of probation;

7. Probation shall be revoked if respondent is found to have violated any of the terms of probation. The three-month period of suspension shall commence from the date of the determination that any term of probation has been violated.

Respondent James John Jennings shall reimburse the Disciplinary Fund

for any Client Protection payments arising from his conduct prior to the termination of the period of suspension/probation.